JOHN KAUFFMAN BREWING CO. v. JOSEPH BETZ.

1. NEW STATEMENT OF MANNER IN WHICH INJURIES INFLICTED DOES NOT STATE NEW CAUSE OF ACTION.

An amendment to a petition does not state a new and different cause of action, where in both the amended and original petition the object sought is the recovery of damages for the same personal injuries, the variation being only as to the precise manner in which the injuries were inflicted.

2. SUIT FOR PERSONAL INJURIES INCLUDED IN LIABILITIES ASSUMED UNDER CONTRACT BETWEEN RECEIVER AND COMPANY TO WHOM HE TURNS OVER THE BUSINESS.

Where a receiver turns over to the company owning it the plant and assets in his hands, upon the condition that all contracts and liabilities incurred by, or incumbent on, him as receiver shall be assumed by the company, a claim on which suit has been brought against him as receiver for damages for personal injuries is included therein, and the plaintiff in the suit mentioned may maintain his action against the company.

3. ONE UNDER THE AUTHORITY OF ONE FOREMAN MAY RECOVER FOR INJURIES SUSTAINED IN CARRYING OUT ANOTHER'S ORDERS.

A special finding by the jury to the effect that the plaintiff was under the control of a foreman who is named, does not entitle the defendant to a judgment on the ground that the accident happened in a different department, where the testimony shows that at the time of the accident the plaintiff's duties had taken him into another department and under the control, for the time being, of the foreman of that department, and that plaintiff, at the time when he was first employed, had been told to obey the orders of the latter foreman.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Worthington & Strong** and **Renner & Renner,** for plaintiff in error.

**Horstman & Horstman,** for defendant in error:

As to abuse of discretion in allowing amendment. *Daley* v. *Gates,* 65 Vt. 591 [27 Atl. Rep. 193]; *Maxwell* v. *Harrison,* 8 Ga. 61 [52 Am. Dec. 385]; *Stevenson* v. *Mudgett,* 10 N. H. 338 [34 Am. Dec. 155]; *Strong* v. *State,* 75 Ind. 440; *Ball* v. *Claflin,* 22 Mass. (5 Pick.) 303 [16 Am. Dec. 407]; *Smith* v. *Palmer,* 60 Mass. (6 Cush.) 513; *Kuhns* v. *Railway,* 76 Ia. 67 [40 N. W. Rep. 92]; *Hunt* v. *Gaylor,* 25 Ohio St. 620; *Chicago, St. L. & P. Ry.* v. *Bills,* 118 Ind. 221 [20 N. E. Rep. 775]; *Beers* v. *Iron Works,* 30 Conn. 308.

Liabilities assumed. *Wood* v. *Currey,* 57 Cal. 208; *Lattin* v. *Gillette,* 95 Cal. 317 [30 Pac. Rep. 545; 29 Am. St. Rep. 115]; *McElfresh* v. *Kirkendall,* 36 Ia. 224; *Joslin* v. *Car Spring Co.* 36 N. J. L. 141;

*Choate* v. *Quinichett*, 68 Tenn. 427; *Harris* v. *Hutcheson*, 65 Miss. 9 [3 So. Rep. 34]; *Gordon* v. *Gibbs*, 11 Miss. (3 Smed. & M.) 473; 18 Am. & Eng. Enc. Law (2 ed.) 846; *Pittsburgh Melting Co.* v. *Reese*, 118 Pa. St. 355 [12 Atl. Rep. 362].

Authorities as to liability of master. *Brown Oil Can Co.* v. *Green*, 12 Circ. Dec. 510 (22 R. 518); *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies*, 61 Ohio St. 293 [55 N. E. Rep. 998]; *Kracht* v. *Railway*, 25 O. C. C. 521; *Connors* v. *Golding*, 10 Dec. 614 (8 N. P. 600); *affirmed, Golding* v. *Connors*, 53 Ohio St. 647; *Toomey* v. *Stamping Co.*, 11 Circ. Dec 216 (20 R. 183); *Lake Shore & M. S. Ry.* v. *Feller*, 11 Circ. Dec. 799 (21 R. 605); *Missouri, K. & T. Ry.* v. *Walden*, 27 Tex. Civ. App. 567 [66 S. W. Rep. 584]; *Gulf, C. & S. F. Ry.* v. *Hayden*, 29 Tex. Civ. App. 280 [68 S. W. Rep. 530]; 4 Thompson, Negligence Secs. 3814, 4021, 4034, 4055, 4630, 4631, 4642, 4648, 4676; *Orman* v. *Mannix*, 17 Colo. 564 [30 Pac. Rep. 1037; 17 L. R. A. 602; 31 Am. St. Rep. 340]; *Louisville, N. A. & C. Ry.* v. *Graham*, 124 Ind. 89 [24 N. E. Rep. 668]; *Erickson* v. *Railway*, 83 Mich. 281 [47 N. W. Rep. 237]; *Wilcox & G. Sewing Machine Co.* v. *Hines*, 70 N. Y. St. Rep. 368 [35 N. Y. Supp. 861]; *Benzing* v. *Steinway*, 101 N. Y. 547 [5 N. E. Rep. 449]; *Jones* v. *Cotton Mills*, 82 Va. 140 [3 Am. St. Rep. 92]; *Dolese* v. *Schultz*, 101 Ill. App. 569; *Muller* v. *McKesson*, 73 N. Y. 196; *Frank* v. *Bullion Beck & C. Min. Co.* 19 Utah 35 [56 Pac. Rep. 419]; *Hass* v. *Railway*, 97 Ill. App. 624; *Wabash W. Ry.* v. *Morgan*, 132 Ind. 430 [31 N. E. Rep. 661]; *Stucke* v. *Railway*, 50 La. Ann. 172 [23 So. Rep. 342]; *Smith* v. *Powell Co.* 10 Dec. Re. 799 (23 Bull. 436); *Lake Erie & W. Ry.* v. *Mulcahy*, 9 Circ. Dec. 82 (16 R. 204); *Berea Stone Co.* v. *Kraft*, 31 Ohio St. 287; *Baltimore & O. Ry.* v. *Sutherland*, 4 Circ. Dec. 115 (12 R. 309); *Wainright* v. *Railway*, 11 Circ. Dec. 530 (21 R. 267); Bailey, Mas. & Serv. 111, 112; *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242 [32 N. E. Rep. 285; 18 L. R. A. 215]; *Galveston, H. & S. A. Ry.* v. *Garrett*, 73 Tex. 262 [13 S. W. Rep. 62; 15 Am. St. Rep. 781]; *Highland Ave. & B. Ry.* v. *Walters*, 91 Ala. 435 [8 So. Rep. 357]; 1 Shearman & Redfield, Negligence Sec. 203; *Ferren* v. *Railway*, 143 Mass. 197 [9 N. E. Rep. 608]; *Motey* v. *Marble & Granite Co.* 74 Fed. Rep. 155 [20 C. C. A. 366; 36 U. S. App. 682]; *Louisville & N. Ry.* v. *Miller*, 104 Fed. Rep. 124 [43 C. C. A. 436]; *Wheeler* v. *Manufacturing Co.* 135 Mass. 294.

## GIFFEN, J.

The plaintiff below, Joseph Betz, brought an action against the John Kauffman Brewing Company to recover damages for a personal injury received while in the employ of Frank H. Shaffer, as receiver of

the brewing company. The accident occurred while the plaintiff was assisting in removing an obstruction to the free operation of a freight elevator used for carrying materials between the washhouse on the ground floor and the second cellar below. The negligence charged in the petition was the faulty construction and want of repair of the elevator.

It is further averred, in substance, that on the second day of October, 1901, an action was commenced against the receiver to recover damages for such injury, and that in April, 1902, in the cause in this court, wherein a receiver was appointed, he filed his account, which was approved by the court and he was ordered to transfer to the brewing company all assets in his hands, on the condition that said company assume all contracts and liabilities then incumbent upon the receiver. Thereupon he transferred to the company all assets, and the company in open court assumed all liabilities, the receiver being discharged and the brewing company giving bond to the receiver to indemnify him and his bondsmen from all liability incurred by him in carrying on the business which might not yet have become due and liquidated and assuming the liability of the receiver to this plaintiff as aforesaid; and that said action commenced by this plaintiff against the receiver was thereupon dismissed without prejudice to the commencement of another action.

After the jury was impaneled, the plaintiff with leave of court and against the objection of defendant, filed an amendment to his petition in which he avers that a superior servant of the receiver ordered him to go from the wash room into the cellar where the obstruction to the elevator existed, and assist in removing it; that while attempting to do so, such superior servant carelessly caused the elevator to be moved whereby the plaintiff was thrown from the first cellar to the floor in the second cellar, from which he sustained the injuries complained of.

Defendant by answer denies all allegations of negligence or carelessness contained in the petition and amendment thereto, and avers that the injuries resulted solely from the negligence and want of proper care of the plaintiff and contributing directly thereto.

The first alleged error is the allowance by the court of the filing of the amendment to the petition, the claim being that it states a new and different cause of action. In each of the pleadings, the object sought is the recovery of damages for the same personal injuries. The precise manner in which the injuries were inflicted, whether through defects of the elevator or the negligence of a superior servant, each being imputed to the receiver, was of secondary importance. In the case of

*Spice* v. *Steinruck,* 14 Ohio St. 213, the first proposition of the syllabus is as follows:

"The restriction upon amendments in Sec. 137 of the code, that the proposed amendment 'must not change substantially the claim or defense' does not refer to the form of the remedy, but to the general identity of the transaction forming the cause of complaint. Therefore,

"2. Where the original petition demanded damages for a wrongful arrest, under an order issued by a justice of the peace, containing averments making a case of malicious prosecution, an amendment, striking out the averment of 'want of probable cause,' and alleging that the same arrest was made 'illegally and with force,' may be allowed, if it conform the pleading to the proof, upon such terms as may appear proper and just to the court."

If such an amendment may be made by conforming the pleading to the facts proved, with much greater reason should it be allowed before the case is tried, and especially under that general clause of Rev. Stat. 5114 (Lan. 8629), which permits an amendment "by inserting other allegations material to the case." There was no error in permitting the amendment to be filed.

The next alleged error is the refusal of the court to direct the verdict in favor of the defendant when the plaintiff rested his case. It is claimed that the brewing company did not assume the plaintiff's claim for damages against the receiver. The entry confirming the final account of the receiver contains the following:

"And it further appearing that all creditors of the Kauffman Brewing Company, who have an interest in the funds in the hands of said receiver have been fully paid and satisfied, except the following: Bernard Bing, $998.14; S. B. Bing Soehne, $1,074.71; Crystal Lake Ice Co., $8.77; L. A. Greiner & Co., $2.16; W. P. McLaughlin, $3.45, and H. Schile & Sons, $66.22, it is ordered that a special deposit of an amount sufficient to pay said claims be made in the Atlas National Bank out of which said claims shall be paid when presented for payment.

"It is further ordered that a bond in the sum of $15,000 with sufficient sureties to the satisfaction of said Frank H. Shaffer be given by the John Kauffman Brewing Company, to indemnify said Frank H. Shaffer and his bondsmen from all liability incurred by him in carrying on the business which may not have become due or been liquidated.

"All of which have accordingly been done and all fees and charges of the receiver and his counsel having been paid in full it is now ordered that said receiver transfer and assign to the said the John Kauffman

Hamilton County.

Brewing Company all assets of the trust now in his hands on condition that said company assume all contracts and liabilities now incumbent upon said Frank H. Shaffer as said receiver, incurred by him in the administration of the trust. And thereupon said receiver in open court formally transferred to said company all said assets and said company assumed all of said liabilities.''

Some contention is made that the words "contracts and liabilities" are not broad enough to include the claim for damages or a suit for tort, but we think they include any obligation which the receiver might assume or be subject to in the administration of the trust, and liabilities other than contracts would naturally include a claim such as that of the plaintiff.

It is urged, however, that the plaintiff not being in privity with either the brewing company or the receiver, cannot avail himself of the agreement between the brewing company and the receiver. It has repeatedly been held in this state that if one person upon a sufficient consideration make a promise to another for the benefit of a third person, such third person may maintain an action at law upon the promise. Nor need he be named, especially, as the person to whom the money is to be paid. Counsel cite us to the case of *Cin. H. & D. Ry.* v. *Bank*, 54 Ohio St. 60, 69 [42 N. E Rep. 700; 31 L. R. A. 653; 56 Am. St. Rep. 700], where Spear, J., says, in commenting upon the case of *Emmitt* v. *Brophy*, 42 Ohio St. 82:

"No one of the cases cited carries the doctrine further than the foregoing. In no one of them is it held that a right to sue in a stranger can be raised by mere implication. Nowhere is it held that the obligation will attach in favor of future creditors not named and not known, and as to amounts not specified or then ascertainable, to the extent of giving to such creditors a right of action on the contract."

The meaning of this evidently is, that if a creditor is not named, and not known, and the amount of his claim is not specified or then ascertainable, the parties to the agreement could not have had in contemplation such a creditor or his claim; or, in other words, that the agreement discloses no such intention.

In this case, the plaintiff, although not named, is known to have a pending suit against the receiver for the same cause of action stated in the petition in this case, and although the amount which the court or the jury may award is not then ascertainable, the identity of the claim and the maximum amount which may be recovered was fixed by the petition in the suit pending against the receiver. When we consider that all the creditors had been fully paid or provided for by a

Brewing Co. v. Betz.

deposit in the bank, it is not unreasonable to conclude that the parties had in contemplation this very claim among others although the amount of the bond executed is $10,000 less than the amount prayed for in the petition. A case in many respects like this one, is that of *Ryan* v. *Hays*, 62 Tex. 42, in which the eighth paragraph of the syllabus is as follows:

"The resolution of the directors, providing for an indemnifying bond to the receiver, inured to the benefit of anyone contemplated by it, having a just debt or claim against the receiver as such, or personally."

If the plaintiff had prosecuted his suit against the receiver to final judgment, it could be satisfied only out of the funds in his hands as directed by the court appointing him, unless he was personally at fault. *Murphy* v. *Holbrook*, 20 Ohio St. 137 [5 Am. Rep. 633]. Nor would he be subject to any liability after his discharge. It seems, therefore, that the court instead of reserving jurisdiction over enough of the funds to satisfy any existing claims, authorized the execution of the bond and the release of the assets upon the understanding that whatever judgment might be obtained would be paid by the brewing company, or on default, a resort might be had to the bond. The motion to instruct the jury to return a verdict for the defendant was properly overruled.

The next error assigned is the refusal to enter judgment in favor of the defendant on the special finding of fact made by the jury in answer to interrogatories submitted to them, and especially upon the first, which is as follows:

"Was the plaintiff at the time he was injured a cellar man, and under the authority and control of Wendelin Ludwig as cellar boss or foreman?

"Answer. Yes."

The amended petition contains the averment that the accident happened by reason of the negligence of Charles Roehrig, foreman in the wash room, and the uncontradicted testimony is, that plaintiff, when employed by John Kauffman, the general superintendent in the brewery, was directed and commanded to obey the orders of Charles Roehrig, and that such authority was never withdrawn except as may be implied from the fact that the plaintiff was transferred from the wash room to the cellar, where Ludwig was boss. But the duties of the plaintiff required him to transfer chips, via the elevator, from the cellar to the wash room, and after washing the same to return them to the cellar; he necessarily, therefore, came in contact with the cellar boss and the boss of the wash room, and it is not unreasonable to assume that the

Hamilton County.

jury may have found that the plaintiff, while in the wash room, was under the authority and control of the foreman of that department, although they found that at the time of the accident Roehrig, the cellar boss, also had authority and control over him. The motion was properly overruled.

Another ground of error is, that the court refused to allow its written general charge to be taken by the jury to the jury room. It appears that the court was not requested to reduce this general charge to writing, as provided by Rev. Stat. 5190 (Lan. 8699), but that it was done for the convenience and protection of the court itself, and, therefore, was not such a written charge as the section requires to be taken by the jurors in their retirement.

We have considered the objections to the general charge anu the special charges given at the instance of the plaintiff, and the refusal to give certain special instructions at the request of the defendant; and also the admission of certain evidence on behalf of Betz, and objected to by the brewing company, and our conclusion is, that no substantial error has intervened prejudicial to the rights of the defendant, and the judgment will be affirmed.